UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELIZABETH A. MITCHELL                         CIVIL ACTION

VERSUS

RESTORE SLEEP CENTER HOLDINGS, L.L.C.

**COMPLAINT**

**JURISDICTION AND VENUE**

1.

This Court has jurisdiction pursuant to 29 USC § 216(b) because it is a demand for unpaid overtime wages, liquidated damages and attorney's fees. This court has pendent jurisdiction of the state law claim which arises from the same facts supporting the federal cause of action pursuant to 28 USC § 1367.

## PARTIES

2.

Plaintiff is a citizen of the United States and a resident of Tangipahoa Parish. Plaintiff was employed by the defendant at all times relevant to the allegations made in this complaint at defendant's business location in this District.

3.

Defendant RESTORE SLEEP CENTER HOLDINGS, L.L.C. is a domestic corporation doing business in the State of Louisiana and within the jurisdiction of this honorable court, particularly at a location in this district where the cause of action arose.

## FACTS

4.

Plaintiff was employed by the defendant from August 15, 2011 to January 6, 2012.

5.

During plaintiff's employment by defendant, plaintiff usually worked at least two hours of overtime from the date she was hired until her last day of employment

because she was on call after she left work for the day. Plaintiff is owed 197 hours at her overtime rate of $23.62 for a total owed of $4,653.14

6.

Defendant agreed to reimburse plaintiff $25.00 per month for the use of her cell phone. Plaintiff is owed $25.00 per month for 5 months for a total of $125.00.

7.

Plaintiff is owed vacation and personal time off totaling 78 hours at $15.75 for a total of $1,228.50.

8.

While plaintiff was employed by the defendant, defendant's employees learned that plaintiff, who is white, was in a relationship with a black man and had children by him.

9.

Wlile plaintiff was employed by defendant, defendant's employees, including members of defendant's management, made racially derogatory statements to plaintiff, directed racially derogatory questions to plaintiff, and directed racially suggestive statements to plaintiff.

10.

Plaintiff complained of the racially derogatory comments to her supervisor and also requested contact information for defendant's compliance manager.

11.

Plaintiff's supervisor told plaintiff that plaintiff's complaints to the Compliance Manager would be to no avail since the Complaince Manager and the General Manager, Derek Lancaster, were very close. Plaintifff's supervisor never gave plaintiff the contact information for the Compliance Manager.

12.

Defendant was motivated to terminate plaintiff's employment because of plaintiff's association with a black man.

## FIRST CAUSE OF ACTION
## TITLE VII VIOLATION

13.

The defendant discriminated against plaintiff because of plaintiff's race in violation of Title VII by engaging in, tolerating, or failing to prevent illegal race discrimination and by failing to take affirmative action to correct and address these unlawful employment practices.

14.

The defendant violated Title VII by retaliating against plaintiff for having filed a charge of discrimination with the EEOC.

15.

Plaintiff is entitled to general and special compensatory damages, punitive damages, back pay, benefits, reinstatement, frontpay, reasonable attorneys fees, and court costs.

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT VIOLATION

16.

Defendant willfully violated the Fair Labor Standards Act by failing or refusing to pay plaintiff at the rate of time and one-half for all hours overtime hours plaintiff worked.

17.

Defendant is liable for unpaid overtime wages, a like amount as liquidated damages, reasonable attorney fees and costs of court.

## THIRD CAUSE OF ACTION
## LSA-RS 23:631 ACT VIOLATION

18.

Plaintiff made written demand for payment of unpaid wages.

19.

Defendant failed to tender the undisputed portion of the sums owed.

20.

Defendant failed to furnish an explanation for its failure to tender a payment following written demand.

21.

Defendant is liable to plaintiff for unpaid wages, a reasonable attorney's fee and court costs, and is also liable for the statutory penalty of ninety days wages.

**DEMAND FOR JUDGMENT**

**WHEREFORE PLAINTIFF PRAYS that this court:**

1. Order the defendant to pay plaintiff for all overtime hours worked for which plaintiff has not been paid;

2. Order the defendant to pay plaintiff liquidated damages in an amount equal to unpaid overtime wages owed**;**

3. Order the defendant to pay a penalty of up to ninety days' wages;

4. Order the defendant to pay plaintiff's costs and expenses and reasonable attorneys' fees as provided by law;

5. Order reinstatement of the plaintiff, together with an award of all salary, benefits, seniority and all other employment emoluments plaintiff would have received absent unlawful discrimination from date of termination until time of trial; or

6. In lieu of reinstatement, that the court award backpay from date of termination to time of trial;

7. Award front pay;

8. Award future loss of earnings and/or past, present and future compensatory damages, general damages, and all other relief available pursuant to the State Anti-Discrimination Law;

9. Order the defendants to make the plaintiff whole by paying such monetary and non-monetary benefits in amounts to be proved at trial but in all events, more than Ten Thousand Dollars($10,000.00);

10. Award pre-judgment interest as provided by law;

11. Grant a trial by jury.

12. Grant such other and further relief to the plaintiff as the Court deems just and proper.

        HOGAN & HOGAN

        *Thomas J. Hogan, Jr.*
        _____

        THOMAS J. HOGAN, JR., T.A.
        Bar Roll No. 6908
        P. O. Box 1274
        Hammond, LA 70404
        (985)542-7730
        thogan48@bellsouth.net
        Attorney for Plaintiff

**PLAINTIFF WILL REQUEST THAT DEFENDANT WAIVE SERVICE OF SUMMONS**